**WORLEY v. MORGAN et al.    (No. 1429.)**

(Court of Civil Appeals of Texas. El Paso. March 1, 1923. Rehearing Denied March 22, 1923.)

1. **Innkeepers ⬤�czo11(12)—Finding of negligence as to theft of goods sustained by evidence.**

In action against proprietor of hotel by persons occupying the relation of lodgers and not of guests for the value of property stolen from their room, evidence *held* to sustain a finding of negligence on the part of the defendant.

2. **Trial ⬤➫260(1)—Refusal of charges not error where matters covered.**

Where there was nothing affirmatively erroneous in the general charge, and requested charges by defendant were given supplying the omissions in the general charge, there was no error in the refusal of other requested charges by defendant.

Appeal from El Paso County Court, at Law; J. M. Deaver, Judge.

Suit by J. G. Morgan and another against W. A. Worley. Judgment for plaintiffs, and defendant appeals. Affirmed.

Goggin, Hunter & Brown, of El Paso, for appellant.

C. M. Counts and Davis, Jackson & Fryer, all of El Paso, for appellees.

HIGGINS, J. Appellant was the proprietor of the Lake Hotel in the city of El Paso. Appellees had a room in the hotel and while absent for several days their room was entered by some one and their property therein stolen. This suit was brought by them to recover the sum of $801.70, the alleged value of the lost property. From a verdict and judgment against him in the sum of $286.60 Worley appeals.

Appellees occupied the relation of lodgers, and not that of guests. In view of this relationship the parties are agreed that, in order to fix responsibility upon Worley, it must be shown that the loss was caused by his negligence, and without contributory negligence on the part of appellees. Both of these issues were submitted in the court's charge. The jury by its verdict resolved the same in favor of appellees.

[1] It is earnestly insisted that the evidence is insufficient to sustain a finding of negligence upon appellant's part. It is shown that at the time burglaries were very common in the city; that the telephone pay box in the hall of the hotel had been twice rifled by some unknown person; that a trunk in the hall had been robbed; that Worley and wife occupied a room in the basement of the hotel, and persons could enter upon the first floor from the street and pass to the upper floor without being seen by the Worleys from their room. Negligence is peculiarly an issue of fact, and under the circumstances indicated we are not prepared to hold that the finding of negligence is unsupported by sufficient evidence. Upon the issue of contributory negligence, we think too, without detailing the evidence, that it is sufficient to support the verdict.

[2] Various assignments complain of the court's charge and of the refusal to give requested special charges. There is nothing affirmatively erroneous in the general charge and the defendant's charges Nos. 5, 6, and 10 are given. These given charges supplied all omissions in the general charge and in connection therewith presented the defendant's defensive issues in as favorable manner as could be rightfully demanded. There was therefore no error in the refusal of other charges requested.

This disposes of all questions presented. Affirmed.